The judgment of dismissal is in all other respects affirmed. No costs to either party.

GREGORY OLDS, CHARLOTTE FINCE, AND CHRISTINE FINCE, AN INFANT BY HER GUARDIANS *AD LITEM*, GREGORY OLDS AND CHARLOTTE FINCE, PLAINTIFFS-APPELLANTS, v. ANN KLEIN, COMMISSIONER, DEPARTMENT OF HUMAN SERVICES AND COUNTY OF HUDSON, DIVISION OF WELFARE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 17, 1979—Decided February 7, 1979.

Before Judges LYNCH, CRANE and HORN.

*Mr. Theodore A. Gardner* argued the cause for appellants (Hudson County Legal Services Corp., attorneys).

*Ms. Andrea H. Silkowitz,* Deputy Attorney General, argued the cause for respondent Ann Klein, Commissioner, Department of Human Services (*Mr. John J. Degnan,* Attorney General, attorney; *Ms. Erminie L. Conley,* Assistant Attorney General, of counsel).

No brief was filed on behalf of respondent County of Hudson, Division of Welfare.

The opinion of the court was delivered by

LYNCH, P. J. A. D. This is an appeal from a final decision by the Department of Human Services, Division of Public Welfare, upholding denial to appellant Gregory Olds of benefits under the Aid to Families with Dependent Children (AFDC) program.

Olds is the father of Christine Fince whose mother is Charlotte Fince. In 1977 Mrs. Fince lived with her daughter Christine and another daughter, Charlotte. Charlotte's father was one other than Olds. At that time the Fince family was being supported by an AFDC grant of $310 a month under what was called an AFDC-C program (absence of a parent from the home).

In September 1977 Olds, father of Christine, moved in with Mrs. Fince. He was a full-time junior at New Jersey Institute of Technology, majoring in chemical engineering, and would be graduating in three semesters. He had been employed in the summers as a laboratory technician at several com-

panies, including Bell Labs and Maxwell House, among others. It appears he never had fulltime, year-round employment. His tuition was paid by federal and state grant programs, 20 *U. S. C. A.* § 1070(a), *N. J. S. A.* 18A:71–28 *et seq., N. J. S. A.* 18A:71–41 *et seq.,* and he was also participating in the work study program at school under 42 *U. S. C. A.* §§ 2751 *et seq.*

Effective October 1, 1977 Charlotte Fince was given notice that the public assistance benefits she and her two children were receiving through AFDC were to be reduced from $310 to $235 a month due to the presence of Mr. Olds, father of Christine, in the home.

After the notice that benefits to Ms. Fince under the AFDC–C program were to be reduced, Olds applied for benefits for himself and Christine under the AFDC–N program (insufficient income). This program requires an applicant to register for work with the New Jersey State Unemployment Service (NJSES). Before registering, Olds informed the NJSES that as a full-time student he would be unavailable for employment. He was therefore not allowed to register.

A fair hearing occurred in October 1977, where appellants challenged both the reduction in benefits prior to the outcome of the hearing and the exclusion of Olds and Charlotte from the AFDC–N program. On November 1, 1977 the benefits were reduced. The first notice of appeal was filed on the basis that the reduction in benefits, prior to the outcome of the hearing, denied plaintiffs due process.

Arrangements were made to allow Olds to register with NJSES. However, he informed the county department of welfare that he would not be able to accept full-time employment. Subsequently, the decision of the hearing examiner was rendered. It upheld the denial of AFDC–N benefits by the county. An appeal was filed.

A second fair hearing occurred in January 1978, since under new regulations the infant daughter, Christine, would be able to receive benefits under the AFDC–N program

even though the father would not take employment. The hearing examiner again denied benefits for Olds himself under the AFDC–N program, on the basis that Olds' inability to accept full-time employment was not for good cause within the purview of *N. J. S. A.* 44:10–3(k) since a college degree was not vocational training. In the meantime the first appeal had been dismissed without prejudice pending the outcome of the second fair hearing.

A new appeal was filed from the second administrative decision of March 17, 1978, which also incorporates the first determination.

In sum, at the time of this appeal Charlotte Fince was allowed to receive benefits under the AFDC–N program for herself and her children retroactive to November 1, 1977, when the AFDC–C benefits to her were reduced. However, Mr. Olds receives no benefits, resulting in the Fince unit receiving $267 under (C) and (N) "companion schedules" rather than the $310 they were receiving under (c) program when one parent was absent.

Thus the issue on this appeal relates solely to whether Olds himself is entitled to benefits under the AFDC–N program even though he is a full-time college student who has refused to accept full-time employment.

Originally AFDC provided eligibility for those dependent children who were deprived of parent's support or care due to "death, continued absence from the home or physical or mental incapacity [of the parent]." Later, eligibility was extended to "two parent" families where the children were deemed to be deprived of parental care by reason of the father's "unemployment," as limited by 42 *U. S. C. A.* § 607(a), or by the father's insufficient earnings from employment (AFDC–N).

Under the present AFDC–N legislation eligibility is only extended to the parents of dependent children where it is established that the need for support results from the father's unemployment or inability to obtain work. And *N. J. S. A.* 44:10–2 provides that

\* \* \* no natural or adoptive parents \* \* \* shall be eligible to receive assistance where the insufficiency of income or resources is the direct result of (a) a voluntary cessation of employment within 90 days prior to the date of application \* \* \* or (b) a voluntary assignment or transfer of property within one year prior to the time of an application for the purpose of qualifying for public assistance.

Further, by *N. J. S. A.* 44:10–3(k) the Commissioner of Human Services is authorized, directed and empowered to issue all necessary rules and regulations to:

(k) Prescribe the conditions under which financial assistance will be denied to any family in which the father refuses, without good cause, to accept employment, better employment, or training for employment or better employment; \* \* \*.

Pursuant to that legislative authority and direction the Commissioner has adopted regulations. Thus, *N. J. A. C.* 10:81–2.9 provides:

The IM worker shall inform AFDC–N applicants that the condition of insufficient income or resources upon which eligibility is based cannot be the result of a voluntary termination of employment within the last 90 days, and further, that the father must agree to accept employment, better employment, or training for either unless he has good cause for refusal. When voluntary termination of employment causes ineligibility, neither the father nor the mother will be included in the eligible unit for a period of 90 days. However, eligibility may be considered for the children.

And *N. J. A. C.* 10:81–3.18 provides, so far as pertinent:

I. Every available training and employment resource must:
\* \* \*
i. The father shall register with the State Employment Service and shall also cooperate with efforts of the State Employment Service and the CWA in actively seeking employment. Refusal of the father to register with the Division of Employment Security, or refusal without good cause to accept employment, better employment, or training for employment or better employment will render both parents ineligible to receive assistance. The father shall be given an opportunity to explain (show "good cause") why such an offer was not accepted.

Since Olds has refused to accept full-time employment the issue becomes whether he had "good cause" to refuse. He argues that his college education constitutes "training" for employment or better employment, which is an exception to the requirement that he accept employment, and therefore he had "good cause" to refuse.

Respondent Klein argues that the fact that Olds' college education may, literally, be "training for better employment," it is not the kind of training contemplated by the legislative program here involved. We agree.

It is the obvious purpose of the AFDC-N program that a recipient who has marketable skills shall be available for employment. Once a county agency determines that a recipient has such skills and is capable of supporting his family, it is the legislative intent that he not remove himself from the job market by refusing to accept full-time employment. It is irrelevant that his college education may, and probably will, prepare him for more profitable employment. The relevant inquiry is as to whether the county agency's decision is reasonable in carrying out the legislative intent.

The record reveals that Olds' college training had in the past enabled him to obtain employment as a laboratory technician in three different chemical research facilities. He does not dispute the fact that the Division's determination that he is capable of obtaining employment—and thus supporting himself — is reasonable. In fact, he has not shown that his education could not be concluded at night, or other partial attendance at college.

In *Madera Cty. v. Carleson*, 32 *Cal. App.* 3d 764, 108 *Cal. Rptr.* 515 (D. Ct. App. 1973), the court upheld a county welfare denial of payments to a 17-year-old married high school student with a pregnant wife. The hearing officer ruled him ineligible to receive AFDC benefits since he was capable of engaging in a gainful occupation of carpentry and voluntarily chose not to do so. The Social Welfare Director (unlike Human Services in the case at bar) filed an alterna-

tive decision. The lower court and then appeals court reversed since the factual findings of the examiner revealed the applicant capable of employment. The court noted:

Based on the explicit findings of fact, the Director's conclusion of law and decision would authorize AFDC assistance to a parent who voluntarily quit a job which furnished support to his family in an effort to improve his position and income by attending school full time. While it is laudable to improve one's education, employability, position and income, there is nothing in the act which authorizes aid to dependent children under such circumstances unless the applicant is first found to be unemployed within the definition contained in section 11201. A necessary prerequisite to a conclusion that a parent who is attending school is an unemployed parent is a finding of fact that the schooling is indispensable to his future self-support. The findings herein were to the contrary. [108 *Cal. Rptr.* at 520].

In rejecting the applicant's eligibility the court rejected the argument that the applicant's refusal of employment constituted "good cause" within the statute. 108 *Cal. Rptr.* at 520, n. 7.

So here, there is no finding that a college education — indeed more demonstrably than the high school education in *Madera* — is "indispensable" to Olds' future self support or in aid of his family's support. In our opinion, to carry appellant's argument to its logical extent would result in a holding that post-graduate education, by way of master's or doctorate courses, or professional education, would constitute "training for better employment," or "good cause" in this welfare context, for refusing to accept employment. We consider that such construction would be violative of the legislative objective that recipients shall be removed from the welfare rolls and make themselves available for employment unless there be reasonable grounds for them to be excluded from such condition. We conclude that the decision of the county agency, that appellant's ground for removing himself from the job market makes him ineligible for welfare benefits, is not unreasonable.

Since oral argument herein we have been advised that the Department of Human Services, Division of Public Welfare, has promulgated a regulation addressed to the "good cause" exception to the AFDC-N work requirement. It provides that if a recipient refuses to accept full-time employment, welfare benefits cannot be denied unless "a. a definite offer of training or of employment was made at wages meeting an applicable minimum wage requirement." We consider that to require such an offer to appellant here would be an exercise in futility, for he has expressly stated that he would not accept employment, and throughout this appeal has not re-treated from that position.

Appellant also contends:

POINT II — The AFDC-N statute (*N. J. S. A.* 44:10-1(c)(1) (iii)) is unconstitutional if it does indeed exclude consideration of full time college chemical engineering training at the New Jersey Institute of Technology as "training for employment" or alternatively as a "good cause" exception when evaluating eligibility for AFDC-N benefits.

POINT III — * * * Charlotte Fince and the two infants are entitled to an AFDC grant in the sum of $310 per month under authority of *Hausman v. Department of Institutions and Agencies, Division of Public Welfare,* 64 *N. J.* 202 (1974), since Olds has no money and pays neither his share of household expenses nor contributes anything to those of the eligible mother and children.

We find no merit in these contentions. *R.* 2:11-3(e)(1).

The decision of the Department of Human Services, Division of Public Welfare, denying AFDC-N benefits to appellant Gregory Olds is affirmed.